PER CURIAM.
This cause is before us on the Petition of the Florida Bar for approval of a conditional guilty plea and entry of final order of discipline.
A formal complaint was filed against respondent by the Florida Bar on January 19, 1973. Subsequently, pursuant to the provisions of Integration Rule 11.13(6) (b),[1] respondent tendered a condition *352 al guilty plea subject to approval by the Supreme Court in exchange for the imposition of a public reprimand, taxation of costs and probation for a three year period which probation shall consist of quarterly reports filed with the Clerk of the Supreme Court with a copy to Staff Counsel for the Florida Bar.
The Executive Committee of the Board of Governors of the Florida Bar accepted the conditional guilty plea on April 20, 1973, subject to the approval by this Court.
We hereby approve the conditional guilty plea and the filing of this opinion shall constitute a public reprimand, and execution is hereby directed to issue for the costs against respondent in the amount of $209.34.
It is so ordered.
ROBERTS, Acting C. J., and ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.

. Integration Rule 11.13(6) (b) provides,
“(6) Consent judgment.

•‘(b) After Appointment of Referee and Bar Counsel. If an accused attorney states his or her desire to plead guilty to a grievance committee report or a filed comi)laint after a referee and Bar counsel are appointed, then Bar counsel, with the approval of staff counsel (or assistant staff counsel) and the designated reviewer, may advise the accused attorney of the discipline he will receive if a written plea of guilty is entered. No recommended discipline will be conveyed to the accused attorney unless the Bar counsel, staff counsel, and the designated reviewer are in complete agreement and that agreement is reduced to writing and made a part of the file. If an accused attorney tenders a plea of guilty in exchange for a *352 stated form of punishment, and Bar counsel, staff counsel, and the designated reviewer cannot agree on acceptance or rejection of the conditional guilty plea, then the tendered plea will be referred to the Board of Governors for a final decision. Any proposed consent judgment more severe than a private reprimand shall before acceptance by The Florida Bar be submitted by The Florida Bar to the Supreme Court for approval.”